UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EUGENE STANZIALE and
THOMAS STANZIALE

    Plaintiffs,

v.                                    Case No.:   2:25-cv-251-SPC-NPM

WELLS FARGO BANK, N.A.,

    Defendant.
                                  /

## OPINION AND ORDER

This matter comes before the Court after review of the docket. Plaintiffs Eugene and Thomas Stanziale bring this insurance action against Defendant Wells Fargo Bank, N.A. (Doc. 1). But their complaint contains insufficient jurisdictional allegations and is a shotgun pleading, so they must try again.

The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Plaintiffs invoke the Court's diversity jurisdiction. (Doc. 1 ¶ 3).[1] A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiffs fail to properly allege the parties' citizenship.

---

[1] The complaint erroneously repeats paragraph three.

To start, Plaintiffs fail to properly allege their own citizenship. They state that they are each "residents of Port Charlotte, Florida[.]" (Doc. 1 ¶ 2). But residence isn't enough. A person is a citizen where he is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And residence, without more, does not show domicile. *See, e.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick*, 293 F.3d at 1257-58 (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]").

Next, Plaintiffs fail to properly allege Defendant's citizenship. They allege that Defendant has a "principal place of business in Des Moines, Iowa." (Doc. 1 ¶ 3). But national banking associations—like Defendant—are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. This means that Defendant is a citizen of "the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). And that isn't necessarily the same place as Defendant's principal place of business. *Id.* at 317 n.9.

Jurisdiction aside, Plaintiffs' complaint is also a shotgun pleading. Federal Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the

2

claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1316, 1321–23 (11th Cir. 2015).

The complaint is a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. All eight counts state that Plaintiffs "incorporate by reference all preceding paragraphs as though fully set forth herein." (Doc. 1 ¶¶ 12, 16, 20, 23, 27, 31, 35, 39). In non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to sua sponte allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiffs' chance.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. On **or before April 9, 2025**, Plaintiffs must file an amended complaint consistent with this Order. **Failure to file an amended complaint will cause the Court to dismiss and close the case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 2, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record